August 23, 2011



Hon. David G. Larimer
Senior United States District Judge
U.S. District Court for the Western District of New York
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

**RE:  Miscellaneous Action 6:11 –mc-06009-DGL**

Dear Judge Larimer:

I am writing to provide you with a signed copy of the "Statement" that I presented to you during yesterday's hearing concerning the above-referenced matter. In this regard, I simply want to ensure that it is included in the permanent record concerning same.

Sincerely,

Toni Foley


cc:  Susan Faye Dones, *Pro Se*
     616 9th Avenue, SW
     Puyallup, WA 98371
     Call2action@msn.com

     Kim Marie Woolhouse, *Pro Se*
     616 9th Avenue, SW
     Puyallup, WA 98371
     kimwoolhouse@msn.com

     Paul D. Swanson, Esq.

c/o Tiffany H. Scott, Esq.
Lane Powell PC
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101-2338
scott@lanepowell.com

Robert D. Crockett, Esq.
c/o Latham & Watkins, LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
bob.crockett@lw.com

Pamela A. Nichols, Esq.
Stephen R. Coffey
Richard H. Weiskopf, Esq.
c/o O'Connell & Aronowitz PC
54 State Street
Albany, NY 12207
Pamela Nichols <pnichols@oalaw.com>

Mark Waldron, Chapter 7 Trustee
Office of the Clerk
c/o United States Bankruptcy Court
   for the Western District of Washington At Tacoma
1717 Pacific Ave.
Tacoma, WA 98402
Trustee <trustee@orlandini-waldron.com>

**Statement
By
Toni F. Foley**

**August 22, 2011**

Thank you, Judge Larimer, for allowing me to explain today why I believe that NXIVM Corporation ("NXIVM") should <u>not</u> be allowed to take my deposition in the pending bankruptcy cases of Ms. Susan Dones and Ms. Kim Woolhouse – or, in the alternative, why severe limitations and rules should be placed on that deposition. In this regard, it is important to note that NXIVM is a cult that is presided over by Keith Raniere ("Raniere"), whose followers are required to call him "Vanguard" – and that everything which NXIVM does is controlled by Raniere, including the decision to take my deposition in a case in which I have no pertinent knowledge or documents.

Although I will do my best not to waste this Court's time, I ask your Honor's patience regarding the fact that I do not fully understanding the legal process. I also request that this Court allow me to finish my statement without interruptions from NXIVM's attorney.

Because I do <u>not</u> have sufficient funds to hire my own attorney in this matter, I made several attempts to find an attorney to represent me on a *pro bono* basis. Unfortunately, whenever prospective candidates Google the name "NXIVM", they quickly figure out that their representation of me could go on for years, just like my bankruptcy case did for eight (8) years and four (4) months – and just like one of NXIVM's current lawsuits against Rick Ross, a nationally acclaimed cult de-programmer, who has been pursued by NXIVM through several different legal venues since mid-2003.

I ask this Court to take judicial notice of the following statement from Judge Littlefield, who is the judge that presided over my bankruptcy case: *"This matter smacks of a jilted fellow's attempt at revenge or retaliation against his former girlfriend, with many attempts at tripping her up along the way"*. I also ask this Court to recognize that NXIVM's attempt to depose me in the

bankruptcy cases of Ms. Dones and Ms. Woolhouse is just another act of revenge by Raniere and his followers.

I will not waste this Court's time repeating all of the statements that were set forth in my motion. Instead, I will focus on the three (3) main reasons why the subpoena concerning the taking of my deposition should be quashed. Those are:

> First, Prior to leaving him in 1999, I was raped repeatedly by Raniere, each time with him telling me it was harder on him than it was on me, that we needed to be together so that I could share in his energy, and that I needed to remain silent so as to not wake up my child who was sleeping in a nearby room. This, as well as other experiences, has resulted in me being diagnosed with Post Traumatic Stress Disorder ("PTSD") and, as of August 2009, fibromyalgia – conditions which, according to a recent letter from my physician, Dr. Bernard J. Plansky, M.D. ("Dr. Plansky"), will likely worsen if I am forced to participate in a deposition by representatives of NXIVM.

> Second, the real reasons why NXIVM wants to depose me have nothing to do with the bankruptcy cases of Ms. Dones and Ms. Woolhouse, whom I had not even heard of before June 2009 and with whom I did not have any significant discussions until early 2010. In this regard, I believe that one of the primary reasons why NXIVM wants to depose me is to silence me from revealing things that I know about Raniere such as the fact that he is a compulsive gambler, a sex addict with bizarre desires and needs, and a con man that specializes in Ponzi schemes. In addition, I also think that NXIVM wants to depose me in order to make me reveal the names of the various women who have contacted me in order to discuss their sexual involvement with Raniere, at least one of which was well under the age of consent, their mental abuse by him and his followers, and the fact that they and members of their families were stalked by Raniere and his followers when they chose to leave him.

> Third, I have no knowledge whatsoever concerning any matters that are pertinent to any of the remaining issues in the bankruptcy cases of Ms. Dones and Ms. Woolhouse. In this regard, my interactions with them have all focused on our mutual need to develop ways to cope with the trauma that has been inflicted upon us by NXIVM and Raniere and to

move on with our lives – and absolutely nothing to do with any issues between them and NXIVM.

Unlike most of the other people that NXIVM has sought to silence via some type of legal proceeding, I have never signed one of its "Confidentiality Agreements". As a result, NXIVM can **not** use that weapon in its efforts to silence me.

Pamela Nichols, one of the members of NXIVM's massive legal team, asserts in her filling dated July 27 2011 (Point II/Page 10), *"Ms. Natalie conducted a business with Keith Raniere before Raniere was the conceptual founder of NXIVM"*, a statement which is totally false and which reflects just how far NXIVM's attorneys will distort the truth on behalf of their client. The reality is that for a period of time I became the "front woman" for one of Raniere's multi-level marketing (MLM) schemes – and that during this same time period, Raniere manipulated me into using Nancy Salzman ("Salzman") a/k/a "Prefect", the current President of NXIVM, as my personal therapist.

When I finally came to realize that Raniere and Salzman were trying to brainwash me, I removed my son from the situation – and fled. Since that time, I have been stalked and threatened and the subject of numerous legal actions – and I have had to defend myself against a variety of potential criminal charges as a result of complaints that I believe were filed by NXIVM and/or members of its "inner circle".

As soon as I left, I was labeled as a "suppressive" – which, per Raniere's unattributed use of language from *Paradise Lost*, made me the equivalent of Lucifer. And I have had to endure NXIVM's ongoing abuse of several members of my family – including my 80-old mother, my 85-year old father, and my brother who was eventually driven to commit suicide in March 2009.

For more than a decade, NXIVM and Raniere have been abusing and misusing the legal system in order to silence their critics – and to scare their members into submission. This misbehavior has increased greatly since the cult and its leader gained influence and control over the vast fortune of Clare and Sara Bronfman, two (2) young women who are heirs to the Bronfman family fortune and who are the de facto owners of NXIVM.

The time has come for a court to put an end to NXIVM's abuse and misuse of the legal system – and to say "No" to NXIVM's terrorism by litigation.

Hopefully, this is the Court that will do that by granting my request that NXIVM's motion to take my deposition be quashed.

If, notwithstanding my arguments, this Court allows NXIVM to take my deposition, then I ask that this Court impose the following limitations and rules on it:

- Not allow the deposition to be scheduled until Dr. Plansky has returned from his vacation, which is expected to be sometime after Labor Day;

- Limit the deposition to two (2) hours instead of the four (4) hours that were approved by Judge Lynch;

- Not allow the deposition to be videotaped in any way – including recording via cell phone by NXIVM's attorneys;

- Require NXIVM to pay for whatever expense I incur in hiring an attorney to prepare me for the deposition – and to represent me during it and thereafter;

- Limit the deposition to questions directly concerning NXIVM's remaining claims against Ms. Dones and Ms. Woolhouse (I ask the Court to take judicial notice of the fact that rather than produce the financial information that it had been ordered to produce by Judge Lynch, NXIVM recently waived all of its claims for financial damages against Ms. Dones and Ms. Woolhouse);

- Require NXIVM to provide me with copies of the transcripts from every other deposition it has taken in this matter at least ten (10) days before the date of my deposition;

- Require NXIVM to provide me with a written transcript of my deposition within five (5) days of its completion;

- Schedule the deposition to take place on September 12, 2011 at the location of my choosing in either Albany, NY or Rochester, NY;

- Allow me to have a non-attorney advisor attend the deposition if I am still not able to find an attorney who will represent me on a *pro bono* basis;

- Allow me to avoid answering any questions that I have reason to believe will aid and abet NXIVM and/or Raniere in the commission of criminal acts;

- Have the entire deposition be conducted in an open forum that can be attended by anyone who has been approved by NXIVM or me except Kristin Keeffe, a member of NXIVM's "inner circle" and a woman who previously acted as a nanny for my son; and

- Require NXIVM to post a cash bond of at least Two Hundred Fifty Thousand Dollars ($250,000) in order to cover the cost of any medical treatments that I may need as a result of my participation in the deposition.

Thank you, your Honor.

_____  
Toni F. Foley

8/28/2011  
_____  
Date