UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In RE: Application of NXIVM Corporation for Ex Parte Motion to Shorten Time on Motion to Compel the Deposition of Nonparty Witness Toni Natalie and Motion to Compel the Deposition of Nonparty Witness Toni Natalie,

_____

NXIVM CORPORATION,

                Plaintiff,

DECISION AND ORDER

11-MC-6009L

            v.

SUSAN FAYE DONES (10-04338-BDL) and
KIM MARIE WOOLHOUSE (10-04339-BDL).

                Defendants.
_____

      NXIVM Corporation commenced this miscellaneous civil action by the filing of a motion to compel the deposition of a nonparty witness.  That witness, Toni Foley, responded by filing a motion to quash a subpoena served on her by NXIVM.[1]

      On August 22, 2011, in open Court, I granted NXIVM's motion to compel, denied Foley's motion to quash, and directed that the deposition be conducted on Wednesday, September 7, 2011. (Dkt. #10.)  The deposition did take place on that date and has concluded.

      NXIVM, however, has also moved for an order sealing virtually the entire record in this action, particularly a "statement" filed by Foley (Dkt. #11) in support of her motion to quash. *See* Dkt. #14.

---

[1]The motion to compel refers to Foley as Toni Natalie, which apparently is her maiden name.  In her papers, she refers to herself as Toni Foley.

NXIVM's motion is denied. The well-established presumption of accessibility to court documents is reflected in Local Rule 5.4, which states that "there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." *See also Orion Pictures v. Video Software Dealers Ass'n*, 21 F.3d 24, 26 (2d Cir. 1994) ("[C]ourts have recognized a strong presumption of public access to court records. This preference for public access is rooted in the public's first amendment right to know about the administration of justice") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).

While this presumption of access can be overcome by a number of countervailing interests, such as preserving a defendant's right to a fair trial or a third party's privacy interests, *see*, *e.g.*, *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1-*2 (W.D.N.Y. Mar. 29, 2005), the Second Circuit has emphasized that a district court "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to seal court records. *Orion Pictures*, 21 F.3d at 27. Likewise, while "[t]he court may strike from a pleading ... any immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), "[m]otions to strike are generally disfavored," and are committed to the district court's sound discretion. *Freydl v. Meringolo*, No. 09 Civ. 07196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) (quoting *Lamoureux v. Anazaohealth Corp.*, 250 F.R.D. 100, 102 (D.Conn. 2008)).

Applying these standards here, I find that NXIVM has not presented facts sufficient to overcome the presumption of openness and public access to judicial proceedings, or the general policy disfavoring the striking of filed documents absent strong reasons for doing so. Although the written "statement" filed by Foley contains various allegations of wrongdoing on the part of NXIVM and its counsel, I do not believe that the matters contained in Foley's statement are so far beyond the pale as to warrant that they be either struck or sealed. *See Lynch v. Southampton Animal Shelter Foundation Inc.*, No. 10–CV–2917, 2011 WL 3273872, at *5-*6 (E.D.N.Y. July 29, 2011) (setting for standards for determining whether material is subject to striking under Rule 12(f)).

**CONCLUSION**

  NXIVM's motion to seal (Dkt. #14) is denied.

  The deposition of Toni Foley, a/k/a Toni Natalie, having been held on September 7, 2011, the Clerk of the Court is hereby directed to close this action.

  IT IS SO ORDERED.

                _____
                DAVID G. LARIMER
                United States District Judge

Dated: Rochester, New York
    September 8, 2011.